United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40592
Conference Calendar
_____

DARREN BIGGERS,

                                        Plaintiff-Appellant,

versus

JERRY NORRIS; DEPUTY MARTINEZ; DOCTOR MCLEROY; DOCTOR DOUGLAS
LEWIS; ER NURSE KERRI; UNIDENTIFIED NURSES; COOKE COUNTY JAIL
STAFF; GAINESVILLE MEMORIAL HOSPITAL STAFF; GAINESVILLE POLICE
DEPARTMENT,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CV-125
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Darren Biggers, Cooke County Jail inmate # 30620, appeals
the district court's dismissal with prejudice of his civil rights
complaint as frivolous and for failure to state a claim.
28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  Biggers has failed to set
forth argument identifying error in the district court's
determination that his complaint was barred by the statute of
limitations.  Although pro se briefs are liberally construed,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). When an appellant fails to identify error in the district court's decision, it is as if the appellant had not appealed that judgment, and this court "will not raise and discuss legal issues that [Biggers] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Biggers has abandoned any argument challenging the dismissal of his complaint on limitations grounds by failing to raise the issue on appeal. See Yohey, 985 F.2d at 224-25.

Biggers's appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, the appeal is dismissed as frivolous. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Biggers's complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Biggers is cautioned that, if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.